**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SERENDIA, LLC<br><br>    Plaintiff,<br>  v.<br><br>BTL INDUSTRIES, INC.; BTL INDUSTRIES LIMITED; BTL INDUSTRIES JSC; BTL HEALTHCARE TECHNOLOGIES A/S; BTL ENTERPRISE GROUP A/S; BTL MEDICAL TECHNOLOGIES S.R.O.; and BTL HOLDING LIMITED<br><br>    Defendants. | Civil Action No. _____<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Serendia, LLC ("Serendia" or "Plaintiff") brings this complaint for patent infringement against Defendants BTL Industries, Inc.; BTL Industries Limited; BTL Industries JSC; BTL Healthcare Technologies A/S; BTL Enterprise Group A/S; BTL Medical Technologies S.R.O.; and BTL Holding Limited (collectively, "BTL" or "Defendants") and alleges the following:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff Serendia is a limited liability company organized and existing under the laws of the State of California with a place of business at 3660 Wilshire Blvd Ste 504, Los Angeles, CA 90010.

3.      Upon information and belief, Defendant BTL Industries, Inc. is a Delaware corporation headquartered at 362 Elm Street, Suite 5, Marlborough, MA 01752. Upon information and belief, BTL Industries, Inc., itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business. Upon information and belief, BTL Industries, Inc. sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Defendant BTL Industries Limited is a British corporation headquartered at 161 Cleveland Way, Hertfordshire, Stevenage SG1 6BU, England, United Kingdom. Upon information and belief, BTL Industries Limited, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, and/or sells after importation into the United States health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business.

5.      Upon information and belief, Defendant BTL Industries JSC is a Bulgarian corporation headquartered at Ul. Tsar Kaloyan 8, Et. 2, 1000 Sofia, Bulgaria. Upon information

and belief, BTL Industries JSC, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business.

6.    Upon information and belief, Defendant BTL Healthcare Technologies A/S is a Czech corporation headquartered at Stepanska 535/6, 12000 Prague, Czech Republic. Upon information and belief, BTL Healthcare Technologies A/S, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business.

7.    Upon information and belief, Defendant BTL Enterprise Group A/S is a Czech corporation headquartered at Stepanska 535/6, 12000 Prague, Czech Republic. Upon information and belief, BTL Enterprise Group A/S, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business.

8.    Upon information and belief, Defendant BTL Medical Technologies S.R.O. is a Czech corporation headquartered at Evropska 423/178, 16000 Prague, Czech Republic. Upon information and belief, BTL Medical Technologies S.R.O., itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United

States, sells after importation into the United States, and/or uses health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business.

9.    Upon information and belief, Defendant BTL Holding Limited is a Cyprus corporation headquartered at Spyrou Kyprianoy 38, 4154 Limassol, Cyprus. Upon information and belief, BTL Holding Limited, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses health care equipment, including RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business.

10.    Upon information and belief, BTL Industries Limited, BTL Industries JSC, and BTL Industries, Inc. are subsidiaries of BTL Holding Limited. Upon information and belief, BTL Healthcare Technologies A/S and BTL Medical Technologies S.R.O. are subsidiaries of BTL Enterprise Group A/S.

## JURISDICTION AND VENUE

11.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    This Court has personal jurisdiction over Defendants.

13.    This Court has personal jurisdiction over Defendant BTL Industries, Inc. because it maintains its headquarters and principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752, within this judicial district, and has thereby purposely availed itself of the privileges and benefits of the laws of the Commonwealth of Massachusetts. This Court also has

4

personal jurisdiction over BTL Industries, Inc. under the laws of the Commonwealth of Massachusetts, due at least to its substantial business in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the Commonwealth of Massachusetts.

14. This Court has personal jurisdiction over Defendants BTL Industries Limited, BTL Industries JSC, BTL Healthcare Technologies A/S, BTL Enterprise Group A/S, BTL Medical Technologies S.R.O., and BTL Holding Limited. Each is a foreign corporation that, upon information and belief, has purposefully directed its activities at residents of the United States, including this judicial district, through its participation in the design, manufacture, licensing, importation, and sale of the accused products in the United States through and in coordination with BTL Industries, Inc.

15. Upon information and belief, at least Defendants BTL Industries Limited and BTL Industries JSC are involved in manufacturing the Exion RF microneedling dermatological treatment devices accused of infringement in this action at facilities in the United Kingdom and Bulgaria, which are then imported into and sold in the United States. *See, e.g.*, Ex. 1, Ex. 2 at 2; Ex. 3 at 15. Furthermore, upon information and belief, Defendants BTL Medical Technologies S.R.O., BTL Enterprise Group A/S, BTL Holding Limited, and BTL Healthcare Technologies A/S participate in the design, development, and commercialization of the accused products that are imported into and sold throughout the United States, including in this judicial district.

16. Upon information and belief, Defendants intend to serve, and do serve, the United States market—including the Massachusetts market—through BTL's established distribution

channels and with BTL Industries, Inc., without excluding any portion of the country from its marketing and distribution efforts. Upon information and belief, the BTL products accused of infringement herein are available for purchase and use by medical and skincare practices throughout the United States, including in this judicial district. The "Find a Provider" search on BTL's website (https://bodybybtl.com/find-a-provider) identifies several BTL providers in Massachusetts offering the Exion product.

17.     In the alternative, this Court has personal jurisdiction over Defendants BTL Industries Limited, BTL Industries JSC, BTL Healthcare Technologies A/S, BTL Enterprise Group A/S, BTL Medical Technologies S.R.O., and BTL Holding Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because Serendia's claims arise under federal law. Defendants BTL Industries Limited, BTL Industries JSC, BTL Healthcare Technologies A/S, BTL Enterprise Group A/S, BTL Medical Technologies S.R.O., and BTL Holding Limited are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction over BTL comports with due process.

18.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because BTL Industries, Inc. has committed acts of infringement in this District and has a regular and established place of business in this district, namely its headquarters at 362 Elm Street, Marlborough, Massachusetts 01752.

19.     Venue is proper as to Defendants BTL Industries Limited, BTL Industries JSC, BTL Healthcare Technologies A/S, BTL Enterprise Group A/S, BTL Medical Technologies S.R.O., and BTL Holding Limited, which are foreign corporations, in any judicial district that has personal jurisdiction over them, including in this District, under 28 U.S.C. § 1391(c)(3).

## THE ASSERTED PATENTS

20.     The Asserted Patents—U.S. Patent No. 9,320,536; U.S. Patent No. 9,775,774; U.S. Patent No. 10,869,812; and U.S. Patent No. 12,220,549—share the same named inventor, Dr. Jongju Na, and are members of a single patent family that share a common specification.

### The '536 Patent

21.     The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,320,536, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on April 26, 2016. *See* Ex. 4, '536 Patent. The '536 Patent issued from Application No. 13/825,083, filed on February 22, 2012. *Id*.

22.     Serendia is the assignee and owner of the right, title, and interest in and to the '536 Patent.

### The '774 Patent

23.     The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,775,774, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on October 3, 2017. *See* Ex. 5, '774 Patent. The '774 Patent issued from Application No. 15/096,686, filed on April 12, 2016. *Id*.

24.     Serendia is the assignee and owner of the right, title, and interest in and to the '774 Patent.

### The '812 Patent

25.     The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 10,869,812, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on December 22, 2020. *See* Ex. 6, '812 Patent. The '812 Patent issued from Application No. 15/724,261, filed on October 3, 2017. *Id*.

26.    Serendia is the assignee and owner of the right, title, and interest in and to the '812 Patent.

### The '549 Patent

27.    The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 12,220,549, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on February 11, 2025. *See* Ex. 7, '549 Patent. The '549 Patent issued from Application No. 18/680,754, filed on May 31, 2024. *Id*.

28.    Serendia is the assignee and owner of the right, title, and interest in and to the '549 Patent.

### FACTUAL BACKGROUND

29.    Dr. Na, the named inventor of all four Asserted Patents, has been called the "Father of Microneedling" and radio frequency (RF) microneedling. Dr. Na earned a PhD in human anatomy and practiced as a medical doctor in South Korea, before moving to the United States. By 2008, Dr. Na invented an approach to treating dermatological tissue that involved extending small needles, known as microneedles, into the dermatological tissue to apply RF signals. By 2011, Dr. Na invented an approach to use these microneedles to apply RF signals such that the energy was concentrated around each electrode, at targeted depths and intensities to treat different skin conditions. In 2015, Dr. Na published an article in Scientific Reports, an open-access journal from the prestigious journal Nature that publishes rigorously peer-reviewed research, that demonstrated the RF-induced coagulation around each microneedle at varying depths.

30.    The Asserted Patents resulted from the pioneering efforts of Dr. Na in the area of aesthetic skin treatment devices. These efforts resulted in the development of novel RF

microneedling systems, apparatuses and methods for aesthetic dermatological treatment for tightening skin.

31.    The inventions conceived of by Dr. Na and described and claimed in the Asserted Patents improve upon the prior technology, for example by applying RF energy directly using microneedles at desired depths and controlling the conduction time of the RF energy applied. These inventions achieved the desired tightening of the skin without burning the patient and thus causing pain and scarring.

32.    BTL, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses RF microneedling dermatological treatment devices and components thereof, including the Exion platform, the Exion Fractional RF handpiece, the Exion Microneedling RF system, and Exion Microneedling tips (collectively, the "Exion Products" or "accused products"). Upon information and belief, this is the primary nature of BTL's business.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,320,536

33.    Serendia incorporates by reference the allegations set forth in the paragraphs 1 through 32 as though fully set forth herein.

34.    On information and belief, BTL directly infringes under 35 U.S.C. § 271(a) because BTL uses, offers to sell, and/or sells accused products or imports in the United States accused products that infringe at least one claim of the '536 Patent, literally or under the doctrine of equivalents.

35.    A claim chart applying the independent claims of the '536 Patent to a representative accused product is set forth in Exhibit 8.

36. On information and belief, BTL has had knowledge of the '536 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '536 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

37. On information and belief, since BTL had knowledge of the '536 Patent, BTL has induced and continues to induce others to infringe the claims of the '536 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to BTL's partners and customers, whose use of the accused products constitutes direct infringement of the '536 Patent.

38. In particular, BTL's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, BTL has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because BTL has had actual knowledge of the '536 Patent and that its acts were inducing infringement of the '536 Patent since BTL has had knowledge of the '536 Patent.

39. In particular, on information and belief, BTL induces infringement of the '536 Patent by encouraging, instructing, and aiding one or more persons in the United States—including BTL's partners, customers, distributors, and end users, as well as BTL employees who test and operate the accused products at the direction of BTL—to use the accused products in a manner that directly infringes the '536 Patent. BTL's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of

the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

40.     Upon information and belief, since BTL had knowledge of the '536 Patent, BTL is liable as a contributory infringer of the '536 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '536 Patent. These products are material components for use in practicing the '536 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

41.     On information and belief, since BTL had knowledge of the '536 Patent, BTL's infringement has been and continues to be willful.

42.     Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '536 Patent.

43.     Serendia will be irreparably harmed if BTL's infringing activities are not enjoined.

**<u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,775,774</u>**

44.     Serendia incorporates by reference the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     On information and belief, BTL directly infringes under 35 U.S.C. § 271(a) because BTL uses, offers to sell, and/or sells accused products or imports in the United States accused products that infringe at least one claim of the '774 Patent, literally or under the doctrine of equivalents.

46.     A claim chart applying the independent claims of the '774 Patent to a representative accused product is set forth in Exhibit 9.

47.     On information and belief, BTL has had knowledge of the '774 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the

11

'774 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

48. On information and belief, since BTL had knowledge of the '774 Patent, BTL has induced and continues to induce others to infringe the claims of the '774 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to BTL's partners and customers, whose use of the accused products constitutes direct infringement of the '774 Patent.

49. In particular, on information and belief, BTL induces infringement of the '774 Patent by encouraging, instructing, and aiding one or more persons in the United States—including BTL's partners, customers, distributors, and end users, as well as BTL employees who test and operate the accused products at the direction of BTL—to use the accused products in a manner that directly infringes the '774 Patent. BTL's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

50. Upon information and belief, since BTL had knowledge of the '774 Patent, BTL is liable as a contributory infringer of the '774 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '774 Patent. These products are material components for use in practicing the '774 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

51. On information and belief, since BTL had knowledge of the '774 Patent, BTL's infringement has been and continues to be willful.

52. Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '774 Patent.

53. Serendia will be irreparably harmed if BTL's infringing activities are not enjoined.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,869,812

54. Serendia incorporates by reference the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55. On information and belief, BTL directly infringes under 35 U.S.C. § 271(a) because BTL uses, offers to sell, and/or sells accused products or imports in the United States accused products that infringe at least one claim of the '812 Patent, literally or under the doctrine of equivalents.

56. A claim chart applying the independent claims of the '812 Patent to a representative accused product is set forth in Exhibit 10.

57. On information and belief, BTL has had knowledge of the '812 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '812 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

58. Upon information and belief, since BTL had knowledge of the '812 Patent, BTL has induced and continues to induce others to infringe the claims of the '812 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to BTL's partners and customers, whose use of the accused products constitutes direct infringement of the '812 Patent.

59.    In particular, on information and belief, BTL induces infringement of the '812 Patent by encouraging, instructing, and aiding one or more persons in the United States—including BTL's partners, customers, distributors, and end users, as well as BTL employees who test and operate the accused products at the direction of BTL—to use the accused products in a manner that directly infringes the '812 Patent. BTL's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

60.    Upon information and belief, since BTL had knowledge of the '812 Patent, BTL is liable as a contributory infringer of the '812 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '812 Patent. These products are material components for use in practicing the '812 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

61.    On information and belief, since BTL had knowledge of the '812 Patent, BTL's infringement has been and continues to be willful.

62.    Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the'812 Patent.

63.    Serendia will be irreparably harmed if BTL's infringing activities are not enjoined.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 12,220,549**

64.    Serendia incorporates by reference the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

14

65.     On information and belief, BTL directly infringes under 35 U.S.C. § 271(a) because BTL uses, offers to sell, and/or sells accused products or imports in the United States accused products that infringe at least one claim of the '549 Patent, literally or under the doctrine of equivalents.

66.     A claim chart applying the independent claims of the '549 Patent to a representative accused product is set forth in Exhibit 11.

67.     On information and belief, BTL has had knowledge of the '549 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '549 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

68.     On information and belief, since BTL had knowledge of the '549 Patent, BTL has induced and continues to induce others to infringe the claims of the '549 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to BTL's partners and customers, whose use of the accused products constitutes direct infringement of the '549 Patent.

69.     In particular, on information and belief, BTL induces infringement of the '549 Patent by encouraging, instructing, and aiding one or more persons in the United States—including BTL's partners, customers, distributors, and end users, as well as BTL employees who test and operate the accused products at the direction of BTL—to use the accused products in a manner that directly infringes the '549 Patent. BTL's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of

the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

70.    Upon information and belief, since BTL had knowledge of the '549 Patent, BTL is liable as a contributory infringer of the '549 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '549 Patent. These products are material components for use in practicing the '549 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

71.    On information and belief, since BTL had knowledge of the '549 Patent, BTL's infringement has been and continues to be willful.

72.    Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '549 Patent.

73.    Serendia will be irreparably harmed if BTL's infringing activities are not enjoined.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against BTL as follows:

A.    Declaring that BTL has infringed one or more claims of the '536, '774, '812, and '549 Patents;

B.    Declaring that BTL's infringement of the '536, '774, '812, and '549 Patents is willful and awarding enhanced damages under 35 U.S.C. § 284;

16

C.      Awarding damages sufficient to compensate Serendia for BTL's past infringement of the '536, '774, '812, and '549 Patents, and any continuing or future infringement, including pre-judgment and post-judgment interest, costs, or expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.      Declaring that this case is exceptional under 35 U.S.C. § 285, and an award of Serendia's reasonable attorneys' fees;

E.      Permanently enjoining BTL, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors, sellers, and consumers, from continuing acts of infringement; and,

F.      Awarding any such other relief at law or in equity that the Court deems just and proper.


Dated: June 22, 2026                                    Respectfully submitted,

                                                        */s/ Charles H. Sanders*
                                                        Charles H. Sanders (BBO# 646740)
                                                        LATHAM & WATKINS LLP
                                                        200 Clarendon Street
                                                        Boston, MA 02116
                                                        Telephone: (617) 948-6000
                                                        Facsimile: (617) 948-6001
                                                        charles.sanders@lw.com

                                                        *Counsel for Plaintiff Serendia, LLC*